KSC/04.27.21
JDM: USAO#2017R00712

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

MAY 11 2022

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. GLR 22 cr 177 |
| | ) |
| NORMAN ROSEN, | ) (Conspiracy to Distribute and Dispense |
| | ) Controlled Substances, 21 U.S.C. § 846; |
| | ) Forfeiture) |

## INFORMATION

### COUNT 1
### (Conspiracy to Distribute and Dispense Oxycodone)

The United States Attorney for the District of Maryland charges that:

From in or about January 2015 to in or about February 2018, in the District of Maryland, the defendant

**NORMAN ROSEN,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to knowingly, intentionally, and unlawfully distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the scope of the professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), 846. 21 U.S.C. §§ 841, 846.

1

## FORFEITURE ALLEGATIONS

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461 in the event of the defendant's conviction under Count 1 of this Information.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant,

## NORMAN ROSEN

shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and

    b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)
Fed. R. Crim. P. 32.2(a)

                        Erek L. Barron by *[signature]*

Digitally signed by JASON MEDINGER
Date: 2022.05.11 11:00:24 -04'00'

EREK L. BARRON
UNITED STATES ATTORNEY

3